IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUSTIN JOHN DIPANFILO, JR.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 18-1690** |
| | : | |
| **SUPERINTENDENT MOONEY**, *et al.* | : | |

## ORDER

**AND NOW**, this 30th day of August 2019, upon careful and independent consideration of the Petition for a writ of *habeas corpus* (ECF Doc. No. 1), Response to the Petition (ECF Doc. No. 16), Judge Strawbridge's August 8, 2019 Report and Recommendation (ECF Doc. No. 17), and absent timely objections, it is **ORDERED**:

1. Judge Strawbridge's comprehensive August 8, 2019 Report and Recommendation (ECF Doc. No. 17) is **APPROVED**;

2. We **DENY** and **DISMISS** the Petition for writ of *habeas corpus* (ECF Doc. No. 1) with prejudice;[1]

3. There is no probable cause to issue a certificate of appealability;[2] and,

4. The Clerk of Court shall **CLOSE** this case.

_____
KEARNEY, J.

---

[1] Mr. DiPanfilo petitions for a writ of *habeas corpus* arguing he "got too much time." ECF Doc. No. 1. On December 14, 2015, the Montgomery County Court of Common Pleas convicted Mr. DiPanfilo of burglary, trespass, simple assault, theft, receiving stolen property, possession of an instrument of crime, and attempted theft. ECF Doc. No. 1, at p. 1. Citing a prior violent conviction,

the court sentenced Mr. DiPanfilo to a mandatory minimum sentence of eleven to twenty-two years incarceration followed by five years probation. ECF Doc. No. 1, at p. 1.

On August 8, 2019, Judge Strawbridge recommended we dismiss Mr. DiPanfilo's petition as procedurally defaulted and nevertheless not cognizable. ECF Doc. No. 17, at p. 4. Judge Strawbridge explained Mr. DiPanfilo can only petition for *habeas* after he exhausts his claim by "fairly present[ing]" his claim in "one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner procedurally defaults his claim by failing to exhaust. Judge Strawbridge found Mr. DiPanfilo did not raise his claim for receiving an excessive sentence in state court. Even assuming he did not procedurally default his claim, Judge Strawbridge found Mr. DiPanfilo failed to raise a cognizable claim. Judge Strawbridge explained the sentence does not violate the Constitution since it does not exceed a statutory minimum. The Pennsylvania General Assembly set a maximum sentence of twenty years for burglary and two years for simple assault. The Court of Common Pleas did not exceed the maximum sentence for Mr. DiPanfilo's convictions.

Mr. DiPanfilo failed to file objections to Judge Strawbridge's Report and Recommendation. After careful and independent review of Mr. DiPanfilo's petition, the District Attorney's Office's Response, and Judge Strawbridge's Report and Recommendation, Mr. DiPanfilo's *habeas* petition is procedurally defaulted and he fails to raise a cognizable claim. We dismiss Mr. DiPanfilo's petition for writ of *habeas corpus*.

[2] *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).